IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RAY EMERSON, | CASE NO. CV-F-04-5088 AWI DLB HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING |
| vs. | AND VACATING HEARING DATE |
| JAMES A. YATES, Warden, | [Doc. 33] |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 4, 2005, Respondent filed an answer to the instant petition for writ of habeas corpus, and Petitioner filed a traverse on September 12, 2005.

On October 17, 2005, Petitioner filed a motion for an evidentiary hearing and the motion was noticed for oral argument on November 18, 2005, at 9 a.m., before the undersigned.[1] Respondent filed an opposition on November 3, 2005.

Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are

---

[1] Petitioner is advised that the Court's order of April 29, 2004, specifically stated that "[a]ll motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h)." (Court Doc. 7, at 3.)

1

filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

As the Court has yet to review the merits of petitioner's petition, it is unable to determine whether there is a disputed issue of fact that requires an evidentiary hearing.  Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary.[2]

Accordingly, the motion for an evidentiary hearing is DENIED, without prejudice to renewing the motion at the appropriate time.

IT IS SO ORDERED.

Dated:   November 4, 2005             /s/ Dennis L. Beck
3b142a                                UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are advised that the Court will review the instant petition in due course; however, the Court's docket of pending cases is substantial, and the Court must act first on those matters that have been pending the longest.