1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RAY EMERSON,             ) | 1:04-cv-05088-AWI-DLB-HC |
|                                )  | |
|     Petitioner,           ) | **ORDER ADOPTING FINDINGS AND** |
|                                )  | **RECOMMENDATIONS** (Doc. 56) |
| v.                             ) | |
|                                ) | **ORDER DENYING PETITION FOR** |
| JAMES A. YATES, Warden,        ) | **WRIT OF HABEAS CORPUS** |
|                                ) | |
|     Respondent.          ) | **ORDER DIRECTING CLERK TO** |
|                                ) | **ENTER JUDGMENT** |
| _____) | |
|                                ) | **ORDER DECLINING TO ISSUE** |
|                                ) | **CERTIFICATE OF APPEALABILITY** |

    Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

    On October 30, 2007, the Magistrate Judge filed Findings and Recommendations that recommended the Petition for Writ of Habeas Corpus be DENIED, and the Clerk of Court be directed to enter judgment in favor of Respondent. These Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. On January 14, 2008, after the request for, and the granting of, an extension of time, Petitioner filed objections to the Findings and Recommendations.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections,

the court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

While objecting to all parts of the Findings and Recommendations, Petitioner takes specific issue in the objections with the Magistrate Judge's finding that the blood draw did not violate the Fourth Amendment.  Because the facts and procedure are known to the parties and the court, they will not be recited in detail here.  Of relevance to the blood draw is that Officer Hart went to Memorial North Hospital in Modesto, California, to investigate a traffic collision and found Petitioner in the emergency room at approximately 5:00 p.m. on March 27, 1998.  Petitioner was unconscious, and was being attended to by medical personnel.  Medical staff were preparing Petitioner to process and move him into the x-ray room.  While Hart waited nearby, a nurse showed Hart an "eight-and-a-half-by-11 sheet of paper on a clipboard that showed an initial blood draw", which indicated the blood contained amphetamines.  Hospital personal also gave Hart money and a "glass sloped object" that was found with Petitioner.  Hart waited for approximately over three hours while Petitioner was being treated by hospital staff.  During this time, Hart telephoned his sergeant and learned additional information about the collision.  Given all information known to Hart, he believed there was probable cause to arrest Petitioner for felony DUI causing injury and obtain a blood sample.  However, Hart could not immediately arrest Petitioner and order a blood draw because Petitioner remained sedated for medical treatment.  Hart could not arrest Petitioner until 8:15 p.m., after Petitioner's condition had been stabilized.  At 8:20 p.m., Hart directed hospital personnel to draw a blood sample from Petitioner.

The basis of Petitioner's objection is that three hours passed between Hart deeming there was probable cause to arrest Petitioner and Hart actually arresting Petitioner and obtaining a blood sample.  Petitioner contends that Hart should have attempted to obtain a warrant during this three hour time frame.   In, Schmerber v. California, 384 U.S. 757 (1966), the Supreme Court held that a law enforcement officer may withdraw a blood sample from a person under arrest despite his or her refusal.  Schmerber, 384 U.S. at 770-71; United States v. Edmo, 140 F.3d 1289, 1291 -92 (9th Cir. 1998).  The Supreme Court reasoned that the search could be conducted without a warrant because

of the need to act before the level of alcohol in the blood was significantly diminished by metabolic processes. Schmerber, 384 U.S. at 770-71.   Such a search incident to a warrant less arrest must based upon probable cause from which an officer "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence'."   Edmo, 140 F.3d at 1291-92.

Here,  Officer Hart had probable cause to arrest Petitioner based on, among other things, the results of the initial blood draw, the glass object, and the information he had learned about the conclusion.   Given the evidence that methamphetamine does dissipate, Hart correctly concluded that a blood draw could be taken along with the arrest because this evidence would be destroyed by the passage of time.    Petitioner makes much of the fact that three hours passed between the time Hart appeared to have probable cause and Hart finally arresting Petitioner and ordering the blood draw. Petitioner claims a warrant could have been obtained during this time.    Petitioner's contentions are not grounds for habeas relief.    First, there is no evidence a warrant could have been obtained in this brief window.   Second, the only reason Hart did not arrest Petitioner earlier and order the blood draw earlier is because Petitioner was sedated and undergoing medical treatment.    There is no evidence that Hart knew it would not be until 8:15 p.m. that he could safely arrest Petitioner.   Hart had probable cause to arrest Petitioner and draw his blood prior to 8:15 p.m.   The fact Hart was only able to carry out these law enforcement functions was due to Petitioner's medical treatment, with which Hart did not want to interfere.    Thus, the court finds the objections do not present a basis to not adopt the Findings and Recommendations recommendation that the blood draw was constitutional.

The court notes that Petitioner also objects to the Findings and Recommendations on the ground that the AEDPA is unconstitutional.    While Petitioner acknowledges this argument is made for the purposes of appeal only, this court find's Petitioner's constitutional challenge to the AEDPA without merit.   See, e.g., Crater v. Galaza, 491 F.3d 1119,  1122-25 (9th Cir. 2007) (explaining the constitutional validity of 28 U.S.C. § 2254(d)(1)); Duhaime v. Ducharme, 200 F.3d 597, 601 (9th Cir. 2000) (concluding that "§ 2254(d)(1) does not suffer from any Article III constitutional infirmities").

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 30, 2007, are ADOPTED with the following modification:
    a. Page 1, line 24, is amended to read multiple victim enhancements (Ca. Veh. Code 23182);
2. The Petition for Writ of Habeas Corpus is DENIED;
3. The Clerk of Court enter judgment in favor of Respondent; and,
4. The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; <u>Hoffman v. Arave</u>, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

**Dated:   February 25, 2008**         /s/ Anthony W. Ishii
                                                               UNITED STATES DISTRICT JUDGE